In re Evan K. WALKER.

Court of Appeals of Kentucky.

Feb. 22, 1957.

Rehearing Denied May 3, 1957.

Louis P. McHenry, Hopkinsville, for applicant.

Charles F. Wood, Greenebaum, Barnett & Wood, Louisville, for Ky. State Bar Ass'n.

PER CURIAM.

On October 27, 1944, Evan K. Walker was forever disbarred from the practice of law in this Commonwealth for operating what is commonly known as a "divorce mill" in Louisville. See Louisville Bar Association v. Walker, 298 Ky. 877, 183 S.W.2d 26, where is set out the procedure Walker followed in swindling his clients into believing he had secured divorces for them. Many of his victims were non-residents.

On April 6, 1956, Walker made application to this court for reinstatement as provided in our rule 3.560. Thereupon, the clerk of this court referred his application to the Board of Bar Commissioners as is required by RCA 3.560. After conducting a hearing the Board filed its written report recommending that Walker's application be denied. The question before us is whether or not we should sustain the recommendation of the Board.

After his disbarment applicant left Kentucky and went to Chicago where he was employed on the Santa Fe Railroad on a run from Chicago to a point in Louisiana. Later, he resided in Detroit and worked for the Friendship Mutual. At the time of filing his application for reinstatement, Walker lived in St. Louis and was office manager for the Mammoth Life Insurance Company.

At the hearing conducted by the Board on his application for reinstatement Walker testified he had not engaged in the practice of law since his disbarment. No other witnesses testified before the Board, although Walker filed with his application several affidavits of persons with whom he associated in St. Louis wherein affiants stated Walker's reputation was good, that he had conducted himself well in St. Louis and stood high in that city.

On cross-examination Walker was asked if since his disbarment he had contacted the people for whom he had pretended to get divorces, had informed them of the fraud he had perpetrated upon them and advised them they were not divorced and not to remarry, or of the dire consequences to which their remarriage might subject them. His reply was in the negative. Nor had he attempted to return the fees he collected from the clients he had defrauded.

It is difficult to imagine more reprehensible conduct than that practiced by Walker. By referring to Louisville Bar Association v. Walker, 298 Ky. 877, 183 S.W.2d 26, it will be seen that a gross fraud was perpetrated upon the court as well as upon his clients, and that the judgments of divorce obtained in many of the cases had no efficacy because the court had no jurisdiction. It is most disturbing to contemplate what may happen to Walker's clients if they remarry after he obtained for them what he termed, and what they believed was, a divorce. They could be guilty of bigamy, their children could be illegitimate and their property rights could be thrown

into the greatest confusion. From reading Walker's testimony, we fear he has no idea of the gravity of the offense he has committed and what trouble, grief and sorrow his acts have caused, or may cause, his innocent victims.

We are in full accord with the recommendation of the Board that Walker should not be reinstated to the practice of law in this Commonwealth. An order will be entered denying Walker's reinstatement as a member of the Kentucky Bar.